IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,  )
                           )
            Plaintiff,     )
                           )
     v.                    )    No. 10 CR 156
                           )
DEBORAH AHMAD BEY,         )
                           )
            Defendant.     )

<u>MEMORANDUM ORDER</u>

This criminal case was reassigned to this Court's calendar in March of this year, just a few days before the untimely death of this Court's good friend and colleague Honorable William Hibbler. As this Court's April 2, 2012 memorandum opinion and order reflects, pro se defendant Deborah Ahmad Bey ("Ahmad Bey") has exercised her constitutional right to represent herself, but Judge Hibbler had appointed attorney Michael Falconer as standby counsel to assist Ahmad Bey in any respects in which self-representation by a nonlawyer could pose procedural or other difficulties.

This memorandum order is occasioned by the fact that Ahmad Bey has just tendered a document that she has captioned "Affidavit of Fact/Writ of Discovery." That filing is confusing in a number of respects:

    1. It bears not only the case number of this pending case but also case numbers that relate to now-terminated earlier proceedings in which Ahmad Bey was involved--another

criminal case, 04 CR 950, and an appeal to the Seventh Circuit in its Case No. 11-3536 (in connection with an ensuing Section 2255 proceeding).

2. Here is how the "Affidavit" itself is headed:

  The Moorish National Republic
  The Moorish Divine and National Movement of the
  World
  Aboriginal and Indigenous Natural Peoples of
  North-West Amexem/North America

3. Under that heading Ahmad Bey has provided a large number of citations and quoted snippets from each of the opinions in those cases--quotations that deal in generalities that have no apparent bearing on the particulars of this case.

4. Also annexed to the document are several pages headed "Points and Authorities," which appear to be a history lesson from Ahmad Bey's perspective, coupled with (a) a photocopy of a 1787 treaty between Morocco and our then-existing Continental Congress, (b) another treatise going back to 1837 and (c) a United Nations Declaration on the Rights of Indigenous Peoples.

So far as this Court can divine, it appears that all of those materials somehow relate to Ahmad Bey's request set out in the first sentence of the "Points and Authorities" section, where she "hereby moves this Honorable Court to dismiss Criminal Complaint [sic] #10-cr-0156." Nothing in the bizarre packet that

Ahmad Bey has assembled and submitted supports such a dismissal, and her motion is denied out of hand.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 14, 2012