# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10 CR 156 |
| ) | |
| DEBORAH AHMAD BEY, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM ORDER

From the outset of this Court's acquisition of this criminal case via random assignment after the untimely death of its good friend and colleague Honorable William Hibbler, it has had an ongoing concern that the course of conduct being followed by pro se defendant Deborah Ahmad Bey ("Ahmad Bey") is essentially self-destructive. This memorandum order need not repeat the ongoing efforts that this Court has made to get that message over to her (the first of which was the suggestion that she give consideration to the possibility of a North Carolina v. Alford plea rather than going to trial on the presently charged offense of failure to surrender for service of a prior sentence pursuant to a court order (18 U.S.C. § 3146(a)(2)[1]). Because it seems impossible to get the message over to Ahmad Bey that "time is the enemy," this memorandum order will first deal with the government's pending four-part motions in limine and Ahmad Bey's response, and it will then set an early status date looking toward as early a trial as possible.

---

[1] Further citations to Title 18 provisions will simply take the form "Section --," omitting the prefatory 18 U.S.C.

First the government seeks to bar Ahmad Bey from asserting at trial "that her two-year sentence twice punished her for that same offense or from otherwise asserting that her sentencing for bankruptcy fraud was in any incorrect or illegal." Ahmad Bey's response hedges by speaking of her "need to inform the jury of her imprisonment" -- just why is not made clear. Both parties are informed that if any such evidence is adduced, the jury will be apprised by appropriate instruction that Ahmad Bey's ultimate service of her sentence after she was apprehended following her failure to report (which as stated hereinafter is a continuing offense) is not a defense to the charge.

Next the government asks to bar Ahmad Bey "from presenting any evidence or argument that she should be acquitted because she did not attempt to flee the jurisdiction during the period from her December 8, 2008 surrender date until her apprehension a year and a day later on December 9, 2009." Here Ahmad Bey responds with the non sequitur that she "did not flee the jurisdiction and any argument that presents fact should not be barred." Not so -- the facts that go before the jury are limited to <u>relevant</u> facts, and hence this aspect of the government's motion is granted as well.

As for the third facet of the government's motion, it seeks to preclude Ahmad Bey "from presenting any evidence or argument that she did not surrender to serve her sentence on December 8, 2008 because her daughter was in the hospital due to a serious car accident." Once again, <u>United States v. Elliott</u>, 467 F. 3d 688, 689-90 (7th Cir. 2006) has confirmed that the criminal offense with which Ahmad Bey is charged, Section 3146(a)(2), is a continuing offense, and Section 3146(c) defines the affirmative defense to that crime in a way that renders irrelevant a temporary problem of the type addressed by the government:

> It is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from appearing or surrendering, and that the person did not contribute to the creation of such circumstances in reckless disregard to the requirement to appear or surrender, and that the person appeared or surrendered as soon as such circumstances ceased to exist.

What that provision makes relevant as an affirmative defense negates the relevance of the challenged evidence in relation to Ahmad Bey's nonsurrender for just over a year. Here too the government's motion is granted.

Finally the government, acknowledging its obligation to prove that Ahmad Bey _willfully_ failed to surrender, asks that she "be barred from presenting any evidence or argument that she was not aware that failure to surrender to serve a sentence was a separate violation of the law." Ahmad Bey's response chose to be silent on that issue, and the well-taken motion is also granted.

With the government's mutifaceted motion in limine having been granted, this Court renews its often-stated concern that the passage of time runs counter to Ahmad Bey's interest because the consequence of a trial resulting in an acquittal may differ little from the consequence of a trial resulting in a guilty verdict. Meanwhile, time continues to be excludable under the Criminal Justice Act because of Ahmad Bey's need to prepare for trial (see Section 3161(h)(7)(A) and (B)(iv)), and a status hearing is accordingly set for September 25, 2012 at 1:15 p.m. to discuss the arrangements for, and the setting of a time for, a trial.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 24, 2012